Commonwealth vs. Ramsay.

---

CASE 12—SUMMONS ON BAIL BOND—JUNE 8.

# Commonwealth vs. Ramsay.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. Although the statute requires the surety in a bail bond to be a resident of the State, yet, if a non-resident be received as bail, he will be bound.

Commonwealth vs. Ramsay.

2. If the bail be a non-resident, and the Commonwealth proceeds by attachment against his property in this State to satisfy a forfeiture, and a judgment for a sale of the attached property is rendered on constructive service, and reversed, and, before another judgment is had the Governor remits the forfeiture, the commonwealth's attorney will not be entitled to the per cent. given him by statute on judgments on forfeited recognizances.

JOHN M. HARLAN, Attorney General, for the Commonwealth, cited 14 *B. Mon.*, 392; 18 *B. Mon.*, 513; *Crim. Code, sec.* 72.

L. A. WOOD, for appellee, cited *Crim. Code, sec.* 72; 2 *Rev. Stat., pp.* 342, 90; 14 *B. Mon.*, 392; 18 *B. Mon.*, 513.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Wm. Ramsay became bail for his son, then under arrest on a charge of felony; the son did not appear at the time stipulated; the fact of non-appearance was entered of record, and an order of forfeiture made, and a summons against the bail directed.

The bail, being a non-resident, could not be served with process; whereupon, the commonwealth's attorney proceeded against him as a non-resident, and attached some real estate in Louisville, under the act of February 15, 1864 (*chap.* 317, *Sess. Acts*, 1863–4, *p.* 60), and obtained an order of sale. Ramsay prosecuted an appeal to this court, and the judgment of sale was reversed. (*MS. Op., June Term*, 1865.)

On the return of the cause, Ramsay put in, for defense, the remission of the penalty of the bond, as to him, by the Governor of the State; also, that he was a non-resident of the State when accepted by the officer as bail, and, therefore, the recognizance was not obligatory on him.

This latter defense we regard as wholly untenable. The accused had no right to demand that his non-resident father should be received as bail, however solvent he may have been, nor how much soever property he may have owned in the State, because the statute fixing the qualification of bail requires they should be residents of the State. Still, if the authority taking the bail does accept a non-resident as bail, the recognizance is binding on both the principal and bail, as not being illegal, and founded on a valuable consideration.

The other defense we consider as valid.

As this court decided in Commonwealth vs. Spraggins (18 *B. Mon.*, 512), the per cent. allowed the commonwealth's attorney is upon "*judgments upon forfeited recognizances*," not upon the forfeiture of the recognizance, but upon the judgment which he may obtain upon such forfeited recognizances. His right to the per centage does not rest upon the order of forfeiture, but upon the obtention of the judgment to follow the order of forfeiture, such order being an essential prerequisite.

Nor can the order of sale be regarded as such judgment, when, as in this case, it is reversed.

It was a proceeding *in rem*, and, before such an order should be made, a bond was required, not executed; therefore, the order was erroneous and reversed, and the cause then stood, in every essential particular, as though no order had been made, save that, to prosecute the appeal, the defendant's appearance was necessarily entered.

The remission being a bar to the recovery of the penalty of the recognizance, the Commonwealth's attorney could get no judgment therefor, consequently, could get no per centage thereon; only the legal fees of the clerk, sheriff, and commonwealth's attorney remained unremitted, as these were beyond the executive power.

The judgment below is, therefore, affirmed.